**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

JACOB HARDEN
#519353 PLAINTIFF

v. 4:26-cv-00704-JM-JJV

HEATHER KING, Captain,
White County Detention Center; *et al.* DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

## I. INTRODUCTION

Plaintiff Jacob Harden, who is confined in the White County Detention Center, has filed a *pro se* Complaint and Addendum seeking relief pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). But

"labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

## II. DISCUSSION

Plaintiff received two disciplinary convictions for fighting on April 13 and 15, 2026. (Docs. 1, 3.) As punishment, he was ordered to spend eighty-five days in segregation. Plaintiff says that pursuant to a new county policy, inmates sent to segregation for fighting must stay on lock down status for twenty-three hours a day without any yard call. (*Id.*) However, they are allowed out of their cells for one hour each day to go to the dayroom, inside the facility. (*Id.*) Plaintiff has sued Defendant Captain King, Lieutenant Ross-Williams, and Lieutenant Hughes, in their official and individual capacities, for enforcing what he believes to be an unconstitutional policy. After careful consideration, I conclude he has failed to plead a plausible claim for relief for the following reasons.

Neither the Eighth Circuit nor the United States Supreme Court has recognized a constitutional right to yard call. *See Roos v. Clark*, No. 4:19-cv-00895-BRW-PSH, 2022 WL 4229981, at *10 (E.D. Ark. Aug. 26, 2022), *rec. adopted*, 2022 WL 4225965 (E.D. Ark. Sept. 13, 2022); *Morris v. King*, No. 4:20-cv-04101, 2022 WL 9833541, at *14 (W.D. Ark. July 29, 2022), *rec. adopted* 2022 WL 4594995 (W.D. Ark. Sept. 30, 2022). And courts have held that the denial of yard call for longer than eighty-five days does not rise to the level of a constitutional violation. *See Morris,* 2022 WL 9833541, at *14 (denial of yard call for ten months was not a constitutional violation); *Raper v. Minors*, No. 4:22-cv-4025, 2022 WL 17352569 (W.D. Ark. Dec. 1, 2022), *aff'd sub nom*. *Raper v. Maxwell*, No. 23-1011, 2023 WL 2857253 (8th Cir. Apr. 10, 2023) (yard

call only three times in six months was not a constitutional violation); *Rahman X. v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (denial of yard call for three months was not a constitutional violation). This is especially true, as here, where Plaintiff was allowed one hour a day to go to the day room to exercise indoors and does not allege his muscle atrophied. *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (forty-five minutes of out-of-cell recreation time per week did not violate the Eighth Amendment rights of an inmate in protective custody). Accordingly, I conclude he has failed to plead a claim for relief.[1]

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice.

2. In the future, dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 10th day of August 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

[1] Plaintiff also says yard call policy violated internal prison rules regarding humane treatment and healthy living. (Doc. 1.) But a § 1983 action must be premised on a constitutional violation. *See* 42 U.S.C. § 1983; *Roberson v. Dakota Boys & Girls Ranch,* 42 F.4th 924, 928 (8th Cir. 2022). And a prisoner does not have a constitutional right to enforce compliance with internal prison rules or policies. *See Beard v. Falkenrath*, 97 F.4th 1109, 1116 (8th Cir. 2024); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).